UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON J. ALLEN, | Case No. 4:25-cv-12143 |
| *Plaintiff,* | F. Kay Behm<br>United States District Judge |
| v. | |
| SARAH HUSKINS, et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL (ECF No. 22)**

**I.   Introduction**

This is a prisoner civil rights case. Plaintiff Jason J. Allen brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights, alleging Defendants at the Saginaw County Jail refuse to serve him Kosher meals. (ECF No. 16, PageID.60).

Before the Court is Allen's third motion for the appointment of counsel. (ECF No. 22). For the reasons explained below, the motion will be **DENIED WITHOUT PREJUDICE**.

**II.   Legal Standard**

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no

1

constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.* Additionally, a court may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim").

2

### III. Analysis

This is Allen's third motion to appoint counsel. (*See* ECF Nos. 4, 11). In this Court's prior order denying the appointment of counsel, it explained that

> [t]his case is at an early stage and Plaintiff's filings to date demonstrate that he is capable of expressing himself in writing to the Court. Furthermore, the Court does not find the factual or legal issues complex, and Plaintiff has not articulated any exceptional circumstances that would justify appointing counsel so early in the case.

(ECF No. 14, PageID.53–54).

This remains true. Since the Court last denied the appointment of counsel, two Defendants have filed an answer and two remain unserved. The case remains at an early stage. Outside of the most exceptional cases, courts generally do not appoint counsel until after motions to dismiss or for summary judgment are decided. *See Griffin v. Klee*, No. 2:14-CV-14290, 2015 WL 3407919, at *1 (E.D. Mich. May 27, 2015); *Sigers v. Bailey*, No. 08-13298, 2009 WL 1617862, at *1 (E.D. Mich. June 9, 2009). "In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided." *Burns v. Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019).

Allen alleges he has limited access to items or the library in jail, is indigent, the issues are complex, has been unsuccessful in prior attempts to obtain counsel, and has a limited understanding of legal issues and procedure. (ECF No. 22). "Factors such as indigency, imprisonment, and that the expertise of an attorney

3

would help a plaintiff litigate the case apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances." *Harrison v. Oliver*, No. 23-cv-10655, 2023 WL 5489024, at *3 (E.D. Mich. Aug. 24, 2023) (citation modified), *aff'd*, 2023 WL 6973867 (E.D. Mich. Oct. 23, 2023). Allen has not shown any exceptional circumstances warranting appointment of counsel at this time.

## IV.   Conclusion

For these reasons, Allen's motion to appoint counsel (ECF No. 22) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: December 8, 2025                         S/PATRICIA T. MORRIS
                                               Patricia T. Morris
                                               United States Magistrate Judge